UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT ) | |
| COUNCIL NO. 58, et al., ) | |
| ) | |
| ) | |
| ) | |
| Plaintiffs, ) | No. 4:23-CV-711 RLW |
| ) | |
| v. ) | |
| ) | |
| ARMOR COATINGS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for the Entry of Full Default Judgment. (ECF No. 17). Plaintiffs brought this action against Defendant Armor Coatings, Inc. ("Armor") under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1132. Plaintiffs also bring claims against Michelle Baker and Dennis Baker for breach of a personal guarantee. Plaintiffs seek judgment against the defendants for delinquent contributions and liquated damages pursuant to a collective bargaining agreement and the guarantee, plus attorneys' fees, and costs.

Defendant Armor was served with copies of the Summons and Complaint on June 5, 2023. On June 14, 2023, Defendants Michelle Baker and Dennis Baker were served with copies of the Summons and Complaint. The three Defendants did not file an answer or otherwise respond to the Complaint. On June 29, 2023, the Clerk of Court entered default against Armor, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. On July 7, 2023, the Clerk of Court entered default against Michelle Baker and Dennis Baker. Plaintiffs move, pursuant to Fed. R. Civ. P. 55(b)(2), for

the entry of default judgment against the three Defendants. Plaintiffs filed with their motion a memorandum in support and supporting affidavits.

## I. Legal Standard

Default judgments are not favored in the law, U.S. ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993), and their entry is discretionary. See Taylor v. City of Ballwin, Mo., 859 F.2d 1330, 1332 (8th Cir. 1988). "There is a judicial preference for adjudication on the merits. Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993). Entry of default judgment pursuant to Fed. R. Civ. P. 55 is appropriate only if there is a "clear record of delay or contumacious conduct." Taylor, 859 F.2d at 1332 (quoted case omitted). Even when a defendant is technically in default and all of the requirements for a default judgment are satisfied, a plaintiff is not entitled to default judgment as a matter of right. 10 James Wm. Moore, et al., Moore's Federal Practice § 55.31[1] (3d ed. 2022); Taylor, 859 F.2d at 1332.

An entry of default from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b). Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998). "A default judgment by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." Angelo Iafrate Const., LLC v. Potashnick Const., Inc., 370 F.3d 715, 722 (8th Cir. 2004) (citing Taylor, 859 F.2d at 1333 n.7). Where default has been entered, the "allegations of the complaint, except as to the amount of damages are taken as true." Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973). If the damages claim is indefinite or uncertain, the amount of damages must be proved in a supplemental hearing or proceeding to a reasonable degree of certainty. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818–19 (8th Cir. 2001).

### III.	Discussion

A.	**Factual Allegations in the Complaint**

The Court takes the allegations Plaintiffs make in their Complaint as true, except for those allegations as to the amount of damages.  Painters District Council No. 58 ("Painters") is a labor organization within the meaning of § 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5), representing employees in an industry affecting commerce within the meaning of § 301 of the LMRA, 29 U.S.C. §185, and is an employee organization within the meaning of § 3(4) of ERISA, 29 U.S.C. §1002(4).

Plaintiffs St. Louis Painters Pension Trust (f/k/a Painters District Council No. 2 Pension Trust), St. Louis Painters Welfare Trust (f/k/a Painters District Council No. 2 Welfare Trust), St. Louis Painters Vacation Trust (f/k/a Painters District Council No. 2 Vacation Trust), and Finishing Trades Institute of Midwest Trust (together referred to hereinafter as "Painters Fringe Benefit Funds") are employee benefit plans within the meaning of 29 U.S.C. §§ 1002(3) and 1132(d)(1).  Painters Fringe Benefit Funds are also multiemployer plans under 29 U.S.C. § 1002(37)(A).  Plaintiffs Carl Farrell, Richard Lucks, Daniel Wienstroer, Tim Niedringhaus, Tim Wies, Joseph Mueller, Walter Bazan, Jr., Don Thomas, Mark Borgmann, Joseph Keipp, Otto Schoenburg, Michael Smith, Adam Moore, and Andy Runzi are the duly designated and acting trustees of the Painters Fringe Benefit Funds and are fiduciaries within the meaning of 29 U.S.C. §§1002(21)(A).

Armor is an employer within the meaning of 29 U.S.C. §§ § 185, 1002(5) and 1145.  Armor is signatory to and/or bound by a collective bargaining agreement ("CBA") with the Painters.  Under the terms of the CBA, Armor was to submit fringe benefits, dues remissions and contributions to the Labor Management Cooperation Fund.  Armor was also to make weekly reports on all bargaining unit employees in its employ showing the number of hours worked and contributions due on its bargaining unit employees at the rate and manner specified in the CBA and Trust documents.  Armor

has neither filed reports evidencing all hours worked nor made all required contributions or remitted all dues lawfully deducted or that should have been lawfully deducted.

On or about October 17, 2012, Michelle Baker and Dennis Baker, signed a document titled Guarantee of Payment of Wages, Dues Remissions, Fringe Benefit Contributions and Other Miscellaneous Payments (the "Guarantee"). The Guarantee provided the following:

> The undersigned owner(s) of the Company guarantee(s) the payment of all amounts due the Union, members of the Union employed by the Company, and the Trustee of the various Trust Funds, pursuant to the collective bargaining agreement between the Company and the Union and any subsequent collective bargaining agreement, whether those amounts become due before or after the date of this guaranty. The owner(s) of the Company also guarantee(s) the payment of all damages, costs, fees and expenses which the Union, the members of the Union employed by the Company or the Trustees of the Trust Funds may be entitled to recover from the Company pursuant to the collective bargaining agreement or under any local, state, or federal law.

(ECF No. 1 at 9). Plaintiffs allege they have performed all conditions precedent that the Guarantee requires of them, but that Michelle Baker and Dennis Baker have failed and continue to fail to act under their obligations created by the Guarantee.

Under the facts as alleged in the Complaint, the Court finds Plaintiffs are entitled to default judgment against the defendants. Armor failed to remit regular fringe benefit payment obligations pursuant to the CBA and Trust documents, and Michelle Baker and Dennis Baker made personal guarantees on the money owed. <u>Contractors, Laborers, Teamsters & Engineers Health & Welfare Plan v. Hroch</u>, 757 F.2d 184 (8th Cir. 1985); <u>Landy Packing Co. v. Amalgamated Meat Cutters & Food Handlers of N. Am., AFL-CIO, Dist. Loc. 653-653A</u>, 471 F. Supp. 1218 (D. Minn. 1979), <u>enforced,</u> 627 F.2d 881 (8th Cir. 1980).

### B.     Damages and Fees

Pursuant to ERISA, Section 502(g)(2), "In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan – (a) the unpaid contributions; (b) interest on the unpaid contributions (c) an

amount equal to the greater of (1) interest on the unpaid contributions, or (2) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under Federal or State law) of the amounts determined by the court under subparagraph (a); (d) reasonable attorney's fees and costs of the action, to be paid by the defendant; and, (3) such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2).

In their motion for default judgment, Plaintiffs seek "known damages" and "presumed damages."  As to known damages, Plaintiffs seek $1,475.22 in contributions and $295.04 in liquidated damages for the week ending February 18, 2023.  For the weeks ending October 8, 2022 through February 4, 2023, and the week ending March 25, 2023, Plaintiffs seek $822.56 in unpaid contributions and $164.51 in liquidated damages.  Plaintiffs filed an affidavit in support of their request for known damages. The Court has reviewed the affidavit and finds it supports Plaintiffs' claim for known damages and will award this amount.

As for presumed damages, Plaintiffs seek $28,231.30 in unpaid contributions and $5,646.26 in liquidated damages for 18 weeks – the week ending April 1, 2023 through the week ending July 29, 2023.  Plaintiffs' damage calculations for this period are not based on records but are based on presumptions, as the last week Armor submitted a weekly fringe benefit report to Plaintiffs was the week ending March 25, 2023. (ECF No. 18, Ex. 1 at 2, ¶ 9). In their damage calculations, Plaintiffs presumed Armor had two employees during this time period, who each worked 40 hours a week.

According to Plaintiffs, under Section 15 of the CBA there is a provision that states, "there shall be a rebuttable presumption that any employee who worked for an Employer within particular weekly pay period worked a total of 40 hours in such pay period for such Employer."[1]  (ECF No. 18

---

[1] Plaintiffs did not provide the Court with a copy of the CBA.  In support of this assertion, Plaintiffs refer to "Ex. 1 at 17." (ECF No. 18 at 4).  Exhibit 1, which is attached to Plaintiffs' memorandum in support of their motion, is the Affidavit of Andrew Rettig, not the CBA.

at 4). Even if the Court were to rely on this presumption, there is no evidence as to how many employees worked for Armor from the week ending April 1, 2023 through the week ending July 29, 2023. Plaintiffs assert in their memorandum that Armor "employed two employees for a presumed weekly total of 40 hours each or 80 hours." (ECF No. 18 at 4.) In support of this assertion, Plaintiffs cite to Andrew Rettig's Affidavit. Mr. Rettig, a Contribution Specialist, attests he has personal knowledge that Armor employed two employees for the weeks ending February 4, 2023, February 18, 2023, and March 25, 2023.[2] Mr. Rettig makes no attestation, however, as to the number of employees Armor employed during the week ending April 1, 2023 through the week ending July 29, 2023, and Plaintiffs point to no other evidence that would shed light on this issue. Based on the record before it, the Court finds Plaintiffs request for presumed damages has not been proven to a reasonable degree of certainty. Plaintiffs have failed to establish Armor employed two employees for 18 weeks – from the week ending April 1, 2023 through the week ending July 29, 2023. The Court denies Plaintiffs' request for presumed damages.[3]

Finally, Plaintiffs request $3,959.94 in attorneys' fees and $763.80 in costs. In support of their request, Plaintiffs attach the affidavit of attorney Daniel J. Sparks. Mr. Sparks attests that Plaintiffs have incurred attorneys' fees in the amount of $3,959.94 at a rate of $220.00 an hour, and costs in the amount of $763.80. (ECF No. 18, Ex. 2 at 2). Based on the evidence presented, the Court finds that the services performed by Plaintiffs' attorney were reasonable and necessary to the litigation of this

---

[2] Mr. Rettig identifies the employees as Dennis M. Baker and Dennis L. Baker. It is not clear from the record whether one of these individuals is Defendant Dennis Baker, who is alleged to be an owner of Armor.

[3] Plaintiffs' memorandum in support of their motion is entitled "Memorandum in Support of Plaintiffs' Motion for Entry of Default Judgment and Accounting." (ECF No. 18 at 1). However, Plaintiffs have not moved for an accounting. In their motion, Plaintiffs move for the entry of "full default judgment." (ECF No. 17 at 1).

6

case, that the rate charged and the amount sought for attorneys' fees are reasonable. The Court also finds Plaintiffs are entitled to their costs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Full Default Judgment is **GRANTED in part and DENIED in part.** The Motion is **GRANTED** to the extent that the Court awards Plaintiffs their "known damages," in addition to attorneys' fees and costs. In all other respects, the motion is **DENIED.** [ECF No. 17].

**IT IS FURTHER ORDERED** that Plaintiffs are entitled to default judgment against Defendants Armor Coatings, Inc., Michelle Baker, and Dennis Baker in the amount of Two Thousand Two Hundred Ninety-Seven Dollars and Seventy-Eight Cents ($2,297.78) for contributions due, Four Hundred Fifty-Nine Dollars and Fifty-Five Cents ($459.55) in liquidated damages pursuant to 29 U.S.C. § 1132 (g) (2), for a total of Two Thousand Seven Hundred Fifty-Seven Dollars and Thirty-Three Cents ($2,757.33), plus an amount of Three Thousand Nine Hundred Fifty-Nine Dollars and Ninety-Four Cents ($3,959.94) for attorneys' fees and for costs in the amount of Seven Hundred Sixty-Three Dollars and Eighty Cents ($763.80) for a total of Seven Thousand Four Hundred Eighty-One Dollars and Seven Cents ($7,481.07), together with post judgment interest as allowed by law.

A separate Default Judgment shall accompany this Memorandum and Order.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   4th   day of December, 2023.