UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 58, et al., ) | |
| ) | |
| Plaintiffs, ) | No. 4:23-CV-711 RLW |
| ) | |
| v. ) | |
| ) | |
| ARMOR COATINGS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Leave to Reopen and Supplement Motion for Entry of Default Judgment. (ECF No. 21). For the reasons that follow, Plaintiffs' motion is denied.

*I. Background*

On May 31, 2023, Plaintiffs filed suit against Defendants Armor Coatings, Inc. ("Armor"), Michelle Baker, and Dennis Baker seeking to collect unpaid fringe benefit contributions, union dues, liquidated damages, attorneys' fees, and costs. Plaintiffs brought claims against Armor under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1132. Plaintiffs brought claims against Defendants Michelle Baker and Dennis Baker for breach of a personal guarantee. Defendants failed to answer or otherwise respond to the Complaint, and the Clerk of Court entered default against the three Defendants.

On August 14, 2023, Plaintiffs moved for the entry of final default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Plaintiffs filed with their motion a

memorandum in support, supporting affidavits, and exhibits.  Plaintiffs did not move that the Court order an accounting to compel Defendants to provide documents or information to aid in the calculation of damages.

On December 4, 2023, after careful review of Plaintiffs' Motion for Entry of Full Default Judgment, memorandum in support, and all the evidence in the record, the Court entered Default Judgment in Plaintiffs' favor against the three Defendants.  However, the Court did not award Plaintiffs all the damages they requested, because some of the damages were not proven to a reasonable degree of certainty.

In their motion for default judgment, Plaintiffs sought "known damages" and "presumed damages." As to known damages, Plaintiffs submitted an affidavit to support their request for $2,297.78 in contributions and $459.55 in liquidated damages. The Court reviewed the affidavit and found it supported Plaintiffs' claim for known damages and awarded these amounts.[1]

As for presumed damages, Plaintiffs sought $28,231.30 in unpaid contributions and $5,646.26 in liquidated damages.  In support of this request, Plaintiffs relied on a presumption purportedly found in the collective bargaining agreement ("CBA") and an assertion that Armor has two employees.  According to Plaintiffs, Section 15 of the CBA states "there shall be a rebuttable presumption that any employee who worked for an Employer within particular weekly pay period worked a total of 40 hours in such pay period for such Employer." (ECF No. 18 at 4). Plaintiffs, however, did not provide the Court with a copy of the CBA.  Furthermore, Plaintiffs did not allege in their Complaint how many employees worked for Armor, and there was no evidence in the record as to the number of Armor employees who worked during the weeks for which

---

[1] The Court also awarded Plaintiffs attorney's fees in an amount of $3,959.94 and costs in the amount $763.80.

Plaintiffs sought contributions based on the CBA presumption. As a result, the Court concluded there was insufficient evidentiary support for Plaintiffs' request of presumed damages.

Plaintiffs now move that they be allowed the opportunity to supplement their Motion for Entry of Full Default Judgment in order to provide the Court with evidence to support an award of the damages the Court denied. (ECF No. 21 at 1). Plaintiffs seek to introduce the CBA as evidence in this case. Plaintiffs also seek to introduce additional evidence regarding Armor through the affidavit of Joseph Mueller and exhibits attached thereto.

## *II. Discussion*

When a motion to reconsider or supplement is made in response to a final order, such as a Default Judgment, it should be construed as a motion under Rule 59(e). Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000). "Federal Rule of Civil Procedure 59(e) allows any party aggrieved by a judgment to file a motion to alter or amend the judgment 'no later than 28 days after' the judgment has been entered." Chapman v. Hiland Partners GP Holdings, LLC, 862 F.3d 1103, 1111 (8th Cir. 2017) (quoting Fed. R. Civ. P. 59(e)). Motions pursuant to Rule 59(e) "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence and cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Ryan v. Ryan, 889 F.3d 499, 507 (8th Cir. 2018) (quotation omitted).

Plaintiffs do not provide adequate grounds to reopen the Default Judgment. First, the authorities they cite in support of the Court revisiting the award of damages do not address final orders. Furthermore, Plaintiffs do not argue there was a manifest error of law or fact. Instead, they ask the Court to reconsider its damage award based on evidence that was not in the record at the time of the entry of Default Judgment. In order to be entitled to relief based on new evidence,

3

a party must show: "(1) that the evidence was discovered after the court's order, (2) that the movant exercised diligence to obtain the evidence before entry of the order, (3) that the evidence is not merely cumulative or impeaching, (4) that the evidence is material, and (5) that the evidence would probably have produced a different result." Ryan, 889 F.3d at 508 (citing Miller v. Baker Implement Co., 439 F.3d 407, 414 (8th Cir. 2006)).  See also Briscoe v. Cnty. of St. Louis, Mo., 690 F.3d 1004, 1015–16 (8th Cir. 2012) (applying same standard).

Based on the nature of the evidence they now seek to introduce, it is obvious that Plaintiffs had the evidence before they filed their Motion for Entry of Full Default Judgment last year.  That alone warrants the denial of their motion.  See U.S. W. Fin. Servs., Inc. v. Buhler, Inc., 150 F.3d 929, 935 (8th Cir. 1998) (district court did not abuse its discretion in denying Rule 59(e) motion where the party admitted that the evidence was available before the entry of judgment).

That said, even if the Court were to consider the new evidence, Plaintiffs are not entitled to the relief they seek, because they have not shown how the outcome would have been different had the Court considered the evidence when it entered default judgment.  As the Court clearly stated in its Memorandum and Order dated December 4, 2023, even if it were to find that the presumption in the CBA applied, and employees are presumed to work 40 hours per week when calculating unpaid contributions, there is no evidence in the record as to how many employees worked for Armor from the week ending April 1, 2023 through the week ending July 29, 2023. Plaintiffs now submit the affidavit of Joseph Mueller, a trustee and the Assistant Business Manager of the Painters District Council No. 58.  Mr. Mueller avers that Armor is an administratively dissolved Missouri Corporation.  According to Mr. Mueller, he has personal knowledge that Armor has "continuously" employed "at a minimum" Dennis M. Baker and Dennis L. Baker, who are father and son.  (ECF No. 25, Ex. 5 at 2).  Mr. Mueller contends the father is an owner of Armor

4

and a defendant in this case.  But Mr. Mueller admits neither he nor the union has had any contact with Armor or its owners since May 31, 2023.  The Court finds this evidence is insufficient to show to a reasonable degree of certainty how many employees worked for Armor from the week ending April 1, 2023 through the week ending July 29, 2023.

In their Motion for Leave to Reopen and Supplement Motion for Entry of Full Default Judgment, Plaintiffs also cite to additional legal authority, the majority of which is from courts in other circuits.  Plaintiffs do cite to a case from this district and argue that the very same presumption found in the CBA in this case has been applied to calculate damages for delinquent contributions in another case. Painters Dist. Council No. 58 v. Architectural Painting Servs., Inc., No. 4:16-CV-41 RWS, 2017 WL 1246684, at *4 (E.D. Mo. Apr. 5, 2017).

First, Plaintiffs could have cited this case and made this argument when they moved for the entry of default judgment last year.  But even if the case had been brought to the Court's attention prior to the entry of Default Judgment, it is distinguishable.  The case was decided after a bench trial, not on default judgment.  But more importantly, in Painters Dist. Council No. 58 v. Architectural Painting Services, Inc., there was evidence as to the number of employees who worked during the weeks in question. 2017 WL 1246684, at *4. "[The accountant] invoked Section 15 of the parties' CBA and presumed that all of Defendants' employees who had any hours reported by Defendants during a weekly pay period worked 40 hours during that pay period." Id. In other words, the accountant applied the presumption because at issue was the number of hours the employees had worked, not how many employees actually worked during any given week. The same cannot be said in this case.  Here, at issue are the number of employees who worked from the week ending April 1, 2023 through the week ending July 29, 2023, as well as the number of hours any such employee worked.

5

In sum, Plaintiffs do not provide adequate grounds to reopen the Default Judgment in that they seek to introduce evidence and legal authority that was available before to the entry of Default Judgment, which is not allowed under Rule 59(e). Moreover, even if the Court were to consider Plaintiffs' "new" evidence, it does not support an award of presumed damages, because the number of employees who worked during the weeks in question has not proven to a reasonable degree of certainty. Plaintiffs have not provided a valid reason as to why the Court should reconsider the damages it awarded in the entry of Default Judgment. See Garner v. Arvin Indus. Inc., 77 F.3d 255, 258–59 (8th Cir. 1996) (rejecting Rule 59(e) motion where plaintiff sought to admit evidence she could have presented with her summary judgment motion); Davidson & Schaaff, Inc. v. Liberty Nat. Fire Ins. Co., 69 F.3d 868, 871 (8th Cir. 1995) (finding no abuse of discretion in denying Rule 59(e) motion where the movant did not provide a valid reason for failing to submit supporting affidavits with summary judgment motion).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to Reopen and Supplement Motion for Entry of Default Judgment is **DENIED**. [ECF No. 21]

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   12th   day of June, 2024.